FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 30, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MICHAEL RAY SCOTT,

    Plaintiff - Appellant,

v.

GENE WARD, Seward County Sheriff;
ANGIE DAVIS, Facility Nurse, Seward
County Jail; SEWARD COUNTY,
LIBERAL, KANSAS,

    Defendants - Appellees.

No. 26-3027
(D.C. No. 5:24-CV-03095-JWB-GEB)
(D. Kan.)

_____

## ORDER AND JUDGMENT*

_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.**

_____

Plaintiff-Appellant Michael Ray Scott, a state inmate appearing pro se, appeals

from the district court's judgment dismissing his complaint. He seeks leave to proceed in

forma pauperis (IFP) on appeal. We have jurisdiction under 28 U.S.C. § 1291, and we

dismiss the appeal.

---

  * This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

  ** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

**Background**

Mr. Scott filed Eighth and Fourteenth Amendment claims under 42 U.S.C. § 1983 against Defendants-Appellees Angie Davis (a staff nurse), Gene Ward (the Seward County Sheriff and alleged "Head of Administration" at the state jail), and Seward County, Kansas, claiming Defendants acted with deliberate indifference to his serious medical needs caused by Hepatitis C.  I R. 391–425.  The district court granted Defendants' motion to dismiss for failure to state a claim.  Id. at 560–71.  The court dismissed Mr. Scott's deliberate indifference claims against the individual Defendants because Mr. Scott failed to allege facts suggesting that they had a sufficiently culpable state of mind.  Id. at 565–67.  It also dismissed Mr. Scott's municipal liability claims against Seward County and Mr. Ward in his official capacity because Mr. Scott failed to allege that they promulgated a policy that led to the violation of his rights.  Id. at 567–68. Finally, the court dismissed his discriminatory treatment and negligence claims.[1]  Id. at 568–70.  This appeal followed.

**Discussion**

"Our review of the district court's ruling on a motion to dismiss is de novo, accepting all well-pleaded allegations of the complaint as true and considering them in the light most favorable to the nonmoving party."  Johnson v. Smith, 104 F.4th 153, 167 (10th Cir. 2024) (citation modified).  We construe Mr. Scott's complaint liberally given

---

[1] Mr. Scott also filed a motion to supplement, which the district court denied. I R. 570–71.  Because Mr. Scott does not appear to challenge the motion on appeal, we do not address it.

2

his pro se status, but we may not act as an advocate would. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Scott was a pretrial detainee at the time his claims arose, so his deliberate indifference claims fall under the Fourteenth Amendment, not the Eighth Amendment. Strain v. Regalado, 977 F.3d 984, 989 (10th Cir. 2020); I R. 564. The same deliberate indifference standard applies under either, however, and we must review whether the plaintiff alleged "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Strain, 977 F.3d at 989 (citation modified). This test involves both an objective requirement—that "the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension"—and a subjective requirement—"that a medical official knows of and disregards an excessive risk to inmate health or safety[.]" Id. at 989–90.

For the objective component, "[a] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Clark v. Colbert, 895 F.3d 1258, 1267 (10th Cir. 2018) (citation modified). For the subjective component, the plaintiff must "present evidence of the prison official's culpable state of mind." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he or] she must also draw the inference." Id. (citation modified). "The deliberate indifference standard lies somewhere between the poles of negligence at one end and purpose or knowledge at the other." Id. at 752 (citation

3

modified).  Disagreement with the prescribed course of treatment is not enough to constitute a constitutional violation.  Strain, 977 F.3d at 994.

On appeal, Mr. Scott attempts to raise two issues: (a) that his Eighth Amendment rights were violated because he has a serious medical need and he was under the care of Defendants, and (b) that Defendants' conduct amounted to deliberate indifference.  Aplt. Br. at 2–16.  The details of his arguments are difficult to parse through.  He does, however, argue at length about the severity of his condition.  But the district court, before finding that Mr. Scott failed to satisfy the subjective requirement, "assume[d] that [Mr. Scott's] allegations [met] the objective prong of the deliberate indifference test" and that his "allegations of untreated Hepatitis C easily clear the sufficiently 'serious' requirement for deliberate indifference."  I R. 565–66.

We decline to consider arguments that are not raised or adequately presented in an appellant's opening brief.  Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007); Garza v. Correct Care Sols., 451 F. App'x 775, 776 (10th Cir. 2011) (declining to make pro se litigant's arguments for him).  Appellants—even pro se appellants—are responsible for demonstrating the error in the district court's judgment.  See Nixon v. City & Cnty. of Denver, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.  Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument.").

Given that the district court did not dispute the seriousness of his medical condition, Mr. Scott does not respond to the district court's reasons for granting the motion to dismiss.  He presents no cognizable argument on how the individual

4

Defendants had a sufficiently culpable state of mind, and he does not meaningfully address the municipal liability, discriminatory treatment, or negligence theories that the district court gleaned from his complaint. At most, he argues that he disagreed with his course of treatment, which is not enough.[2] Strain, 977 F.3d at 994. We accept the facts in his complaint regarding his medical condition as true, which are repeated in his appellate brief. But alleging only facts that show a serious medical condition, and making only conclusory statements about Defendants' roles, is not sufficient to plead deliberate indifference.

Because Mr. Scott has moved for IFP status to proceed on appeal without prepayment of fees, he "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991); 28 U.S.C. § 1915(a). An appeal is not frivolous when the "appellant can make a rational argument on the law or facts in support of the issues raised on appeal." DeBardeleben, 937 F.2d at 505; Neitzke v. Williams, 490 U.S. 319, 325 (1989). Without arguments responding to the district court's reasoning, we cannot say that Mr. Scott made a rational argument on the law or facts. See Kyte v. Kyte, No. 22-1213, 2022 WL 3910507, at *2 (10th Cir. Aug. 31, 2022); Baccus v. Baccus, 564 F. App'x 951, 953 (10th Cir. 2014).

---

[2] For example, Mr. Scott alleges that Defendants failed to take him to a gastroenterologist or other specialist as prescribed. Aplt. Reply Br. at 3–4. But this goes to the objective prong—whether failing to take Mr. Scott to a specialist is a sufficiently serious deprivation—which we accept is satisfied for purposes of this appeal. Mr. Scott otherwise has not shown that Defendants personally disregarded a substantial risk by not doing so. I R. 566–67.

Accordingly, we DISMISS Mr. Scott's appeal and DENY his motion to proceed IFP. Mr. Scott must pay the remainder of the filing fee in full, and because this is Mr. Scott's third "strike" under the Prison Litigation Reform Act, he must prepay all filing fees for civil cases and appeals in the future. See 28 U.S.C. § 1915(g). All other pending motions are DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge